UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STACEY L. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 5:09-CV-104-BG |
| | ) ECF |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT and RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Stacey L. Mitchell is appealing the decision to deny her Social Security disability benefits and supplemental security income benefits by Michael J. Astrue, Commissioner of Social Security. The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. Mitchell did not consent to the United States Magistrate Judge exercising the jurisdiction of the District Court. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation. The court has considered the administrative record, the arguments of the parties, and the applicable law and recommends that the District Court affirm the Commissioner's decision and dismiss the complaint.

**I.     Statement of the Case**

In April 2006 Mitchell filed for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. (Tr. 80-86; 94). Mitchell suffers from degenerative disc disease of the lumbar spine. (*Id.* at 15). The Disability Determination Service denied Mitchell's application initially and upon reconsideration. (*Id.* at 51-56, 58-62). Mitchell requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 63).

After the hearing the ALJ affirmed the denial of benefits. (*Id.* at 12-16). Mitchell requested review by the Appeals Council, which denied Mitchell's request for review. (*Id.* at 1-5). Accordingly, this court is reviewing the ALJ's decision and denial of benefits.

## II.   Facts

At the administrative hearing, which was held on February 14, 2008, Mitchell testified that she was 36 years old. (*Id.* at 22-23). Mitchell explained that she had approximately two years of college, but she had not obtained a college-level degree. (*Id.* at 24). The record shows that Mitchell worked from 1990 to 2005 as a customer service representative for a telemarketing business. (*Id.* at 99). Mitchell had also worked as a health advisor at a hospital in 1997. (*Id.*).

The vocational expert ("VE") testified that Mitchell's jobs were semi-skilled positions with a specific vocational preparation[1] ("SVP") of three in the Dictionary of Occupational Titles ("DOT"). (*Id.* at 39). The ALJ described a hypothetical person with Mitchell's mental and physical impairments, education, and past relevant work. (*See id.*). The VE explained that a person with Mitchell's impairments could not perform her past relevant work. (*Id.*). The ALJ asked the VE if there were any skills from the past relevant work that would transfer to a new job that could accommodate Mitchell's functional capacity, and the VE stated that the phone skills and computer skills were transferable. (*Id.* at 40). The VE testified that the hypothetical person could work as an information clerk, which was a semi-skilled position with an SVP of three. (*Id.*).

In his decision the ALJ found that the VE's testimony was consistent with the information in the DOT. (*Id.* at 15). The ALJ stated that based upon the testimony of the VE, there were a

---

[1] The SVP is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *Dikeman v. Halter*, 245 F.3d 1182, 1186 n.2 (10th Cir.2001).

significant number of jobs in the national economy that Mitchell could perform. (*Id.* at 15-16). Accordingly, the ALJ found that Mitchell was not disabled. (*Id.* at 16).

## III. Standard of Review

This court's "review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Mitchell v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* (quotation omitted). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Id.* "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Id.* "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

Social Security Rulings are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." *Heckler v. Edwards*, 465 U.S. 870, 873 n. 3, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984). An agency must follow its own procedures, even if those procedures are more rigorous than what would otherwise be required. *Newton*, 209 F.3d at 459. Should the agency violate its internal rules and prejudice result, the proceedings are tainted and any action taken cannot stand. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).

**IV.    Discussion**

A claimant bears the burden of proving that she suffers from a disability. *Mitchell*, 415 F.3d at 461. The ALJ uses a five-step sequential analysis to evaluate claims of disability: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1 (April 1, 2009); (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920; *Mitchell*, 415 F.3d at 461. The claimant bears the burden of proof on the first four steps. *Mitchell*, 415 F.3d at 461. At the fifth step, the Commissioner bears the initial burden of proof, but once the Commissioner shows that the claimant can perform jobs in the national economy, the burden shifts back to the claimant to rebut this finding. *Id.* The ALJ must use the testimony of a vocational expert or other similar evidence to establish that jobs exist in the national economy. *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986).

> The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job.

*Id.* In this case, the ALJ found at step five that Mitchell was not disabled.

Mitchell argues that the ALJ's finding that the VE's testimony is consistent with the DOT is not supported by substantial evidence because the VE incorrectly testified that the SVP for an information clerk was three instead of four. Mitchell asserts that the information clerk position is of a higher skill level than her previous work. Mitchell contends that the Social Security Rulings

4

state that a worker cannot be expected to transfer skills from previous work to work involving a higher skill level. Mitchell claims that the conflict between the VE's testimony and the DOT must be resolved before the VE's testimony can be considered substantial evidence to support the Commissioner's decision.

"Ability to perform skilled or semi[-]skilled work depends on the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level or the presence of recently completed education which allows for direct entry into skilled or semi[-]skilled work." S.S.R. 83-10 (1983). A person with a high school education and above has the "educational abilities [to] do semi-skilled through skilled work." 20 C.F.R. §§ 404.1564(b)(4), 416.964(b)(4).

The Social Security Administration has taken "administrative notice" of the DOT. *See* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). Semi-skilled work, as defined in 20 C.F.R. §§ 404.1568 and 416.968, "corresponds to an SVP of 3-4." S.S.R. 00-4p (December 4, 2000). "[A]n individual cannot transfer skills . . . to work involving a greater skill level than the work from which the individual acquired those skills." *Id.*

The Fifth Circuit has recognized that "the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). When there is an implied or indirect conflict between the vocational expert's testimony and the DOT, "the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so." *Id.* at 146.

Neither the DOT nor evidence from a vocational expert "trumps" the other. S.S.R. 00-4p. Rather, "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings," but the vocational

5

expert may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." *Id.*

When a vocational expert provides evidence about the requirements of a job, the ALJ "has an affirmative responsibility to ask about any possible conflict between [the vocational expert's] evidence and information provided in the DOT. S.S.R. 00-4p. When the evidence provided by the vocational expert is "not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the [vocational expert's] evidence to support a determination or decision that the individual is or is not disabled." *Id.*

In this case, there is an inconsistency between the VE's testimony and the DOT because the VE testified that the job of information clerk had an SVP of three, (Tr. 40), even though the DOT states that the occupation has an SVP of four, U.S. Dep't of Labor, *Dictionary of Occupational Titles*, 237.367-022 (4th ed., rev. 1991). However, the ALJ's failure to recognize and resolve this inconsistency did not prejudice Mitchell. Mitchell's previous work, which had an SVP of three, and the job of information clerk, which has an SVP of four, are semi-skilled occupations as defined by 20 C.F.R. §§ 404.1568 and 416.968. S.S.R. 00-4p; (Tr. 39). Because the occupations are classified as semi-skilled, Mitchell could transfer her skills from one occupation to the other.[2] 20 C.F.R. §§ 404.1568(d)(2)(i) and 416.968(d)(2)(I). Accordingly, Mitchell fails to show that the ALJ's

---

[2] Mitchell relies upon *Terry v. Sullivan*, 903 F.2d 1273 (9th Cir. 1990), to support the premise that a claimant cannot transfer skills from an occupation with a lower SVP to an occupation with a higher SVP. In *Terry*, the claimant conceded that her past relevant work was a semi-skilled occupation with an SVP of three. 903 F.2d at 1278. The new job identified by the ALJ was not in the DOT, but similar jobs had SVPs ranging from four to six. *Id.* Although the court stated that the claimant had raised as an issue whether skills could transfer from a job with an SVP of three to an SVP of four, the court ultimately did not reach the issue and the basis for the decision was that the Commissioner did not satisfy the more stringent burden that applies when the claimant is over the age of 60. *Id.* at 1278-79. Accordingly, the holding in *Terry* is not applicable to the instant case.

failure to inquire about the inconsistency between the VE's testimony and the DOT prejudiced her because under the relevant rulings3. and regulations skills are transferable from an occupation with an SVP of three to an occupation with an SVP of four.

Even though the ALJ failed to follow the Social Security Rulings, the error was harmless. Thus, the district court should affirm the Commissioner's decision and dismiss the case. *Hall*, 660 F.2d at 119.

## V.     Recommendation

The district court should find that the ALJ failing to follow the Social Security Rulings did not prejudice Mitchell. Accordingly, the Commissioner's decision that Mitchell was not disabled and not entitled to benefits should be affirmed and this case should be dismissed. *Id.*

## VI.    Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:    May 27, 2010.

                                  NANCY M. KOENIG
                                  United States Magistrate Judge